Vern and Sandra Briscoe, Plaintiffs *in Propria Persona*
5112 Whitaker Road
Chubbuck, Idaho  83202-1620
208-237-2347

U.S. COURTS

SEP 14 2015

Rcvd_____ Filed ___N___ Time  11:58am
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

# UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO EASTERN DIVISION

### 801 E. Sherman Pocatello, Idaho 83201

ALVA V. AND SANDRA M. BRISCOE

PLAINTIFFS

v.                                              CASE NO. _____

BANK OF AMERICA, N.A., SUCCESSOR BY
MERGER TO BAC HOME LOANS SERVICING,
LP FKA COUNTRYWIDE HOME LOANS
SERVICING LP AND ELISA MAGNUSON, ESQ.
AND PITE DUNCAN, LLP AS TRUSTEE AND

DEFENDANTS
_____/

### COMPLAINT FOR VIOLATIONS OF TITLE 15 UNITED STATES CODE

Plaintiffs each certify that each count in this pleading has been carefully reviewed and written so as to meet the requirements described in Rules 8(a) and 8(d) of the Federal Rules of Civil Procedure.  It is the duty of this court to construe these pleadings so as to do justice.

### COUNT I – ORIGINAL COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Come now the plaintiffs Alva V. and Sandra M. Briscoe and sue the defendant BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

The plaintiffs reside in Bannock County, Idaho, at the address of 5112 Whitaker Road, Chubbuck, Idaho, for all times material to this complaint.

The defendant is a national association doing business under various names, in the State of Idaho, with its principal place of business at 501 West Appleway Ave., Coeur D' Alene, ID 83814, for all times material to this complaint.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a). Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff. The debt collection involves a purported debt for personal, family or household purposes.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any provision of what defines a "debt collector" under this statute.

Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff. The debt collection involves a purported debt for personal, family or household purposes.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The subject property that has given rise to this complaint is known as a trust deed, and rights thereunder, and land with fixtures on the land that is encumbered by a trust deed recorded in Bannock County, Idaho, a true and correct copy of which is attached.

## PLAIN STATEMENT

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff is the mortgagor in a trust deed that was recorded on the date of May 23rd 2011 in Bannock County, Idaho, in the amount of $151,900. The deed secured

the payment of a promissory note made payable to Countrywide Bank, FSB, the lender stated on the trust deed. The trustee named thereon is FIDELITY NATIONAL TITLE INSURANCE CO.

There were no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed), including the fact that no new trustee was assigned within this instrument and the trustee never assigned or appointed any new trustee.

On or about the month of January of 2013, the defendant began sending written communication to the plaintiff stating that it was representing various parties having rights under the same trust deed, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

The defendant has created several documents that make it appear as if it has legally acquired the rights under the trust deed that is a lien against the plaintiff's property; however, the facts appearing on the face of these documents show that the defendant never acquired such rights.

Specifically, The defendant purports to have been assigned the rights under the trust deed and mortgage from Mortgage Electronic Registration System, Inc. (MERS), but MERS never had possession of the note that the defendant claims to have acquired from MERS.

Plaintiffs asked the defendant to provide verification that it had acquired the rights to foreclose or appoint a trustee to foreclose in its behalf and asked the defendant to verify that the lender and trustee named on the trust deed had knowledge of its conduct. These requests were ignored.

The plaintiffs explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

Plaintiffs also asked the defendant to explain how it obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that she was in

violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

Eventually, the defendant obtained enough information from the plaintiffs to allow it to complete a foreclosure sale of the plaintiff's property and convey the property to what appears to be a third party; however, the plaintiffs have reason to believe that the defendant is the third party purchaser or has an interest in the organization.

The purported debt is not a debt held or collected under the name of the defendant.

The defendant threatened to report unpaid amounts to a third party debt collector, namely the Internal Revenue Service, for the purpose of subjecting the plaintiff to taxes on amounts of money falsely claimed and reported by the defendant.

The defendant made false representations that it was the holder of a note or promise to pay in which the plaintiff owed the defendant.

The defendant has falsely represent the amount alleged to be owed by the plaintiff or the amount of compensation the defendant will receive.  The plaintiffs have requested that the defendant disclose its interests

The defendant made false representations that it had rights to foreclose against the plaintiff's property (home) under the provisions of a trust deed that is recorded against the title of the plaintiff's property in the county where the property is situated.

The defendant requested certain financial disclosures from the plaintiff claiming that the disclosures would persuade the defendant to cease its foreclosure actions provided that money was paid by the plaintiff to the defendant or its privies.

The defendant did not have the typical credit information of the plaintiff, such as a social security number, or date of birth or other banking information that a creditor would normally be expected to have already obtained before a debt obligation was established.

The defendant has used a false or fictitious name in the undertaking of its collection actions.

The defendant has used a name other than the true name of its business, company or organization.

After several written requests, the defendant has refused to identify its owners, principals or interests it claims to have in the plaintiff's property.   Instead of making these disclosures, defendant has falsely represented that it does have certain legal rights under the trust deed and that it has the right to foreclose of the plaintiff fails or refuses to provide more credit, banking, financial, personal and other identifying information along with agreeing to making regular payments of money to the defendant or its privies.

The defendant failed or refused to provide an accounting of its claim showing any unpaid balance and instead simply demanded money in exchange for not foreclosing and has only provided copies of records that anyone could obtain from the county recorders' office.

The defendant has falsely represented the name of the creditor to whom it alleges the debt is owed.

The defendant has threatened to undertake a foreclosure action against the plaintiff when it has no such rights to do so.

The defendant falsely represented that if the plaintiff failed or refused to cooperate by providing financial, banking, credit, personal and other identifying information along with money, that it would sell the plaintiff's property at a public auction.

The defendant delivered to the plaintiff written communications that were made to look like or falsely represent documents authorized, issued, or approved by a court, official, or agency of the United States or the state, by using words that would give a false impression of the document's source, authorization, or approval.

The defendant has falsely represented that the plaintiff's credit accounts were sold to innocent purchases for value.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

The Plaintiffs have suffered actual damages as a result of the defendants' attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

The defendant has somehow acquired the personal and banking information of each of the plaintiff and has used that information for their own personal gain and benefit without any permissible purpose.

The Plaintiffs have suffered actual damages as a result of the defendants' attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

The defendants have somehow acquired the personal and banking information of each of the plaintiffs and have used that information for their own personal gain and benefit without any permissible purpose.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs demand that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A.   An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B.   An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

C.   An award of actual damages;

D.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COUNT II – AMENDED COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Come now the plaintiffs Alva V. and Sandra M. Briscoe and sue the defendant PITE DUNCAN, LLP AS TRUSTEE for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

The plaintiffs reside in Bannock County, Idaho, at the address of 5112 Whitaker Road, Chubbuck, Idaho, for all times material to this complaint.

The defendant appears to be a limited partnership, owned, operated and represented by a group of attorney, through which it claims to be a "trustee" under the provisions of a trust deed that now clouds the title to plaintiff's property known as 5112 Whitaker Road, Chubbuck, Idaho.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a). Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff. The debt collection involves a purported debt for personal, family or household purposes.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any provision of what defines a "debt collector" under this statute.

Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff.  The debt collection involves a purported debt for personal, family or household purposes.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The subject property that has given rise to this complaint is known as a trust deed, and rights thereunder, and land with fixtures on the land that is encumbered by a trust deed recorded in Bannock County, Idaho, a true and correct copy of which is attached.

## PLAIN STATEMENT

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff is the mortgagor in a trust deed that was recorded on the date of May 23rd 2011 in Bannock County, Idaho, in the amount of $151,900.  The deed secured the payment of a promissory note made payable to Countrywide Bank, FSB, the lender stated on the trust deed.  The trustee named thereon is FIDELITY NATIONAL TITLE INSURANCE CO.

There were  no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed), including the fact that no new trustee was assigned within this instrument and the trustee never assigned or appointed any new trustee.

On or about the month of January 2013, the defendant began sending written communication to the plaintiff stating that it was representing various parties having rights under the same trust deed, or at least plaintiff understood that it was representing

parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

The defendant has created several documents that make it appear as if it has legally acquired the rights under the trust deed that is a lien against the plaintiff's property; however, the facts appearing on the face of these documents show that the defendant never acquired such rights.

Specifically, The defendant purports to have been assigned the rights under the trust deed and mortgage from Mortgage Electronic Registration System, Inc. (MERS), but MERS never had possession of the note that the defendant claims to have acquired from MERS.

Plaintiffs asked the defendant to provide verification that it had acquired the rights to foreclose or appoint a trustee to foreclose in its behalf and asked the defendant to verify that the lender and trustee named on the trust deed had knowledge of its conduct. These requests were ignored.

The plaintiffs explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

Plaintiffs also asked the defendant to explain how it obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that she was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

Eventually, the defendant obtained enough information from the plaintiffs to allow it to complete a foreclosure sale of the plaintiff's property and convey the property to what appears to be a third party; however, the plaintiffs have reason to believe that the defendant is the third party purchaser or has an interest in the organization.

The purported debt is not a debt held or collected under the name of the defendant.

The defendant threatened to report unpaid amounts to a third party debt collector, namely the Internal Revenue Service, for the purpose of subjecting the plaintiff to taxes on amounts of money falsely claimed and reported by the defendant.

The defendant made false representations that it was the holder of a note or promise to pay in which the plaintiff owed the defendant.

The defendant has falsely represent the amount alleged to be owed by the plaintiff or the amount of compensation the defendant will receive.  The plaintiffs have requested that the defendant disclose its interests

The defendant made false representations that it had rights to foreclose against the plaintiff's property (home) under the provisions of a trust deed that is recorded against the title of the plaintiff's property in the county where the property is situated.

The defendant requested certain financial disclosures from the plaintiff claiming that the disclosures would persuade the defendant to cease its foreclosure actions provided that money was paid by the plaintiff to the defendant or its privies.

The defendant did not have the typical credit information of the plaintiff, such as a social security number, or date of birth or other banking information that a creditor would normally be expected to have already obtained before a debt obligation was established.

The defendant has used a false or fictitious name in the undertaking of its collection actions.

The defendant has used a name other than the true name of its business, company or organization.

After several written requests, the defendant has refused to identify its owners, principals or interests it claims to have in the plaintiff's property.  Instead of making these disclosures, defendant has falsely represented that it does have certain legal rights under the trust deed and that it has the right to foreclose of the plaintiff fails or refuses to provide more credit, banking, financial, personal and other identifying information along with agreeing to making regular payments of money to the defendant or its privies.

The defendant failed or refused to provide an accounting of its claim showing any unpaid balance and instead simply demanded money in exchange for not foreclosing

and has only provided copies of records that anyone could obtain from the county recorders' office.

The defendant has falsely represented the name of the creditor to whom it alleges the debt is owed.

The defendant has threatened to undertake a foreclosure action against the plaintiff when it has no such rights to do so.

The defendant falsely represented that if the plaintiff failed or refused to cooperate by providing financial, banking, credit, personal and other identifying information along with money, that it would sell the plaintiff's property at a public auction.

The defendant delivered to the plaintiff written communications that were made to look like or falsely represent documents authorized, issued, or approved by a court, official, or agency of the United States or the state, by using words that would give a false impression of the document's source, authorization, or approval.

The defendant has falsely represented that the plaintiff's credit accounts were sold to innocent purchases for value.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

The Plaintiffs have suffered actual damages as a result of the defendants' attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

The defendant has somehow acquired the personal and banking information of each of the plaintiff and has used that information for their own personal gain and benefit without any permissible purpose.

The Plaintiffs have suffered actual damages as a result of the defendants' attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

The defendants have somehow acquired the personal and banking information of each of the plaintiffs and have used that information for their own personal gain and benefit without any permissible purpose.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs demand that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A.   An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B.   An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

C.   An award of actual damages;

D.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COUNT III – AMENDED COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Come now the plaintiffs Alva V. and Sandra M. Briscoe and sue the defendant ELISA MAGNUSON, ESQ for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The plaintiffs reside in Bannock County, Idaho, at the address of 5112 Whitaker Road, Chubbuck, Idaho, for all times material to this complaint.

The defendant is an individual doing business in the State of Idaho, with her principal place of business at 4375 Jutland Dr., Suite 200, San Diego, CA  92177-0935, for all times material to this complaint.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a). Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff.  The debt collection involves a purported debt for personal, family or household purposes.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any provision of what defines a "debt collector" under this statute.

Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff.  The debt collection involves a purported debt for personal, family or household purposes.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The subject property that has given rise to this complaint is known as a trust deed, and rights thereunder, and land with fixtures on the land that is encumbered by a

trust deed recorded in Bannock County, Idaho, a true and correct copy of which is attached.

**PLAIN STATEMENT**

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff is the mortgagor in a trust deed that was recorded on the date of May 23rd 2011 in Bannock County, Idaho, in the amount of $151,900. The deed secured the payment of a promissory note made payable to Countrywide Bank, FSB, the lender stated on the trust deed. The trustee named thereon is FIDELITY NATIONAL TITLE INSURANCE CO.

There were no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed), including the fact that no new trustee was assigned within this instrument and the trustee never assigned or appointed any new trustee.

On or about the month of January 2013, the defendant began sending written communication to the plaintiff stating that it was representing various parties having rights under the same trust deed, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

The defendant has created several documents that make it appear as if it has legally acquired the rights under the trust deed that is a lien against the plaintiff's property; however, the facts appearing on the face of these documents show that the defendant never acquired such rights.

Specifically, The defendant purports to have been assigned the rights under the trust deed and mortgage from Mortgage Electronic Registration System, Inc. (MERS),

but MERS never had possession of the note that the defendant claims to have acquired from MERS.

Plaintiffs asked the defendant to provide verification that it had acquired the rights to foreclose or appoint a trustee to foreclose in its behalf and asked the defendant to verify that the lender and trustee named on the trust deed had knowledge of its conduct.  These requests were ignored.

The plaintiffs explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

Plaintiffs also asked the defendant to explain how it obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that she was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

Eventually, the defendant obtained enough information from the plaintiffs to allow it to complete a foreclosure sale of the plaintiff's property and convey the property to what appears to be a third party; however, the plaintiffs have reason to believe that the defendant is the third party purchaser or has an interest in the organization.

The purported debt is not a debt held or collected under the name of the defendant.  Magnuson was never appointed as a trustee having any rights, duties or obligations under the trust deed described herein.

The defendant threatened to report unpaid amounts to a third party debt collector, namely the Internal Revenue Service, for the purpose of subjecting the plaintiff to taxes on amounts of money falsely claimed and reported by the defendant.

The defendant made false representations that it was the holder of a note or promise to pay in which the plaintiff owed the defendant.

The defendant has falsely represent the amount alleged to be owed by the plaintiff or the amount of compensation the defendant will receive.  The plaintiffs have requested that the defendant disclose its interests

The defendant made false representations that it had rights to foreclose against the plaintiff's property (home) under the provisions of a trust deed that is recorded against the title of the plaintiff's property in the county where the property is situated.

The defendant requested certain financial disclosures from the plaintiff claiming that the disclosures would persuade the defendant to cease its foreclosure actions provided that money was paid by the plaintiff to the defendant or its privies.

After several written requests, the defendant has refused to identify her employer, its owners, principals or interests she or they claimed to have in the plaintiffs' property. Instead of making these disclosures, defendant has falsely represented that she did have certain legal rights under the trust deed and that she had the right to foreclose if the plaintiffs failed or refused to provide more credit, banking, financial, personal and other identifying information along with agreeing to making regular payments of money to the defendant or her associates.

The defendant failed or refused to provide an accounting of its claim showing any unpaid balance and instead simply demanded money in exchange for not foreclosing and has only provided copies of records that anyone could obtain from the county recorders' office.

The defendant has falsely represented the name of the creditor to whom it alleges the debt is owed. The plaintiff are not in default to the defendant or any parties she claims to represent, such as the other named defendants in this complaint.

The defendant has threatened to undertake a foreclosure action against the plaintiff when she has no such rights to do so.

The defendant falsely represented that if the plaintiffs failed or refused to cooperate by providing financial, banking, credit, personal and other identifying information along with money, that she would sell the plaintiff's property at a public auction.

The defendant delivered to the plaintiff written communications that were made to look like or falsely represent documents authorized, issued, or approved by a court,

official, or agency of the United States or the state, by using words that would give a false impression of the document's source, authorization, or approval.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

The Plaintiffs have suffered actual damages as a result of the defendants' attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

The defendant has somehow acquired the personal and banking information of each of the plaintiff and has used that information for their own personal gain and benefit without any permissible purpose.

The Plaintiffs have suffered actual damages as a result of the defendants' attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

The defendants have somehow acquired the personal and banking information of each of the plaintiffs and have used that information for their own personal gain and benefit without any permissible purpose.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs demand that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A.   An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B.   An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

C.   An award of actual damages;

D.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COMPLAINT FOR IDENTITY THEFT

Come now the plaintiffs Alva V. and Sandra M. Briscoe and sue the defendant BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from the theft of the plaintiff's personal, financial, banking and identifying information, and alleges the following:

## JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

## VENUE

The plaintiffs reside in Bannock County, Idaho, at the address of 5112 Whitaker Road, Chubbuck, Idaho, for all times material to this complaint.

The defendant is a national association doing business under various names, in the State of Idaho, with its principal place of business at 733 E Mullan Ave., Osburn, ID 83849, for all times material to this complaint.

## PLAIN STATEMENT

This complaint concerns the defendant's actions and conduct whereby it acquired the plaintiff's credit and financial information, at least enough to make it appear as if the defendant was working with the lender in the trust deed. The defendant then proceeded to send written communications to the plaintiff stating that it now either had rights to foreclose under the trust deed or that it was working with other parties who had rights to foreclose, unless the plaintiff made more financial disclosures and modified payment arrangements to the defendant.

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff is the mortgagor in a trust deed that was recorded on the date of May 23rd 2011 in Bannock County, Idaho, in the amount of $151,900. The deed secured the payment of a promissory note made payable to Countrywide Bank, FSB, the lender stated on the trust deed. The trustee named thereon is FIDELITY NATIONAL TITLE INSURANCE CO.

There were  no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed), including the fact that no new trustee was assigned within this instrument and the trustee never assigned or appointed any new trustee.

## STATEMENTS OF FACT AND DEFINITIONS

The term "identity theft" includes the act of stealing one's mail or looking through one's private home and/or commercial business trash. Sometimes the theft is undertaken by simply communicating with the victim, such as via mail, telephone and sometimes during service calls such as a plumber casing a house and then giving the information he discovers to a third party for money.

Sometimes identity thieves steal your wallet or purse, and sometimes they only take the information in your wallet or purse.  They will also fraudulently pose as potential landlords, tax collector, banking organizations, attorneys, prospective or current employers, or creditors to try to obtain your personal data under false pretenses. The methods of identity theft have become known by the new term "phishing".

The term "phishing" is defined as someone is tricked into giving up personal information, typically by sending out what looks like official communications from banks, credit unions, or credit card companies asking to confirm private information including personal identification numbers and other critical identifiers. Some go so far as to file a "change of address" form to divert your mail to a drop or Post Office Box address.

The most recent example comes from the expanding mortgage foreclosure segment of the fiance market; whereby, individuals gather together public records such as trust deeds and create promissory notes and copy signatures from the trust deeds to the notes and use those copies along with other records created by software, to commission attorneys to begin a foreclosure action.  The attorneys then contact a homeowner and tell him that his mortgage is in default, and usually claim some unknown third party to whom it's in default, and that to avoid foreclosure, he will have to provide financial disclosures for a "loan modification'.  Out of fear, the unsuspecting homeowner provides this information without any conditions, such as never being advised of the perpetrator's document retention policy or what the financial information will be used for.  Many organizations are able to obtain credit information about the

homeowner simply by paying a membership fee to Equifax. This information is then used to obtain more information. In probably every case, this financial information is sold or traded to third parties and utilized in making false reports to the IRS, such as on Form 1099.

Identifying information also includes a person's name, telephone number, date of birth, mother's maiden name, driver's license number, state identification number, or any other piece of information that can identify a person.

## COUNT IV – COMPLAINT FOR IDENTITY THEFT

Come now the plaintiffs Alva V. and Sandra M. Briscoe and sue the defendant BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from the theft of the plaintiff's personal, financial, banking and identifying information, and alleges the following:

The plaintiffs re-allege the foregoing and incorporate each statement herein.

Jurisdiction and venue are proper and this complaint is an action at law and is properly before this court.

Plaintiff's "private information", as the term is used in this complaint and accepted commonly in our modern community, includes but is not limited to the likeness of the plaintiff, and his personal identifying information, banking, financial and credit information, and any other personal information that is or can be used by the plaintiff for his own personal and professional benefits.

Plaintiffs have the right to keep his private information and records from third parties, and has a right to rely upon the third party to only request such information for legitimate and legal purposes. The plaintiff's private records include the information appearing on his birth certificate, tax records, banking records, financial and other

personal information and information that identifies the plaintiff, such as his likeness, photographs, videos, and other records which have not been deliberately published to third parties.

Beginning from around January of 2014 and continuing through the present day, the plaintiffs were contacted by the defendant and other organizations affiliated with, and that appeared to be working for the defendant.  Plaintiffs have reason to believe that these organizations where owned and operated by the defendant and being used to conceal the identities of the defendant.  These organizations threatened the plaintiffs with the taking their home and money unless they provided certain financial, personal, banking and identifying information to the defendant.   Copies of these written communications and a log of telephone communications are attached as Exhibit A.

The defendant also made inquiries of the plaintiff credit report but did not have a permissible purpose.

The defendant obtained records from the public domain that pertain to the plaintiff's property and rights to his property, and then use these records to create additional records and convince the personnel working in the court system to participate in a public auction of the plaintiff's home.

The defendant has deliberately and willfully, falsely presented itself and impersonated itself to the plaintiff as another person to obtain the plaintiff's property for purposes not permitted by law or agreement.

The defendant had an affirmative duty to disclose the purposes for which it coerced plaintiff's banking, personal, financial and identifying information.

The defendant's actions were deliberate and will and negligent and careless. The plaintiff was never provided with a disclosure of the defendant's document retention policy or an explanation of the purposes for which the plaintiff's private information would be used.

The plaintiffs have suffered the loss of the actual fair market value of his home because the defendant has been encumbering the plaintiff's property, before, during and following the foreclosure thereof.   The actual damages are: 1.  The fair market value of plaintiff's property in the amount of $125,000.  2.  The loss of the money deposited with the lender identified on the mortgage or trust deed lien in the amount of $151,900.   3.   Costs and attorney fees associated with defending against the foreclosure process in the amount of $8,500 and 4.  Unauthorized use and retention of plaintiff's personal, banking, financial and identifying information resulting in damages that have not yet fully been able to be calculated by that are estimated to exceed $500,000 as of this date.

WHEREFORE plaintiffs demand judgment against the defendant in the aggregate amount of damages alleged in the complaint of $785,400, together with other relief this court deems appropriate.

### COMPLAINT FOR DAMAGES – 15 U.S.C. §1635

Come now the plaintiffs Alva V. and Sandra M. Briscoe and sue the defendant BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from violations of Title 15 U.S.C. §§1635 and 1640, and alleges the following:

### JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331 and 15 U.S.C. §§1635 and 1640.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

### VENUE

The plaintiffs reside in Bannock County, Idaho, at the address of 5112 Whitaker Road, Chubbuck, Idaho, for all times material to this complaint.

The defendant is a national association doing business under various names, in the State of Idaho, with its principal place of business at 733 E Mullan Ave., Osburn, ID 83849, for all times material to this complaint.

## PLAIN STATEMENT

The plaintiff is the mortgagor in a trust deed that was recorded on the date of May 23rd 2011 in Bannock County, Idaho, in the amount of $151,900. The deed secured the payment of a promissory note made payable to Countrywide Bank, FSB, the lender stated on the trust deed. The trustee named thereon is FIDELITY NATIONAL TITLE INSURANCE CO.

The defendant sent written communications to the plaintiff stating that it had rights under a trust deed recorded against the plaintiff's property. The plaintiff served the defendant with a notice to rescind and the defendant failed to sue and re-establish the debt.

The defendant subsequently ignored the notice and continued in its efforts to foreclose.

The plaintiff is now suing for damages resulting therefrom.

## COUNT V – COMPLAINT FOR DAMAGES – 15 U.S.C. §1635

Come now the plaintiffs Alva V. and Sandra M. Briscoe and sue the defendant BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from violations of Title 15 U.S.C. §§1635 and 1640, and alleges the following:

The plaintiffs re-allege the foregoing and incorporate each statement herein.

Jurisdiction and venue are proper and this complaint is an action at law and is properly before this court.

The plaintiff and defendant were parties to a consumer credit transaction that existed or was consummated on or after September 30, 1995.

The defendant is a creditor within the meaning of 15 U.S.C. §§1601 and 1635 et seq.

The defendant recently began attempting to foreclose as if it had rights under this trust deed agreement.  The plaintiff responded accordingly, as if the defendant had such rights, and also, as if the defendant had the same liabilities as set forth under the Truth and Lending Act, Title 15 U.S.C. §§1635 and 1640.

The creditor failed to provide the plaintiff with the appropriate form of written notice published and adopted under the provisions of the Truth in Lending Act.

The creditor failed to provide the plaintiff with a comparable written notice of the rights of the plaintiff, that was properly completed by the creditor, and otherwise complied with all statutory requirements regarding the notice.

The lender failed to provide notice of the date that the notice period expires.

The plaintiff notified the defendant of his right to rescind.

The plaintiff served a notice to rescind upon the defendant on the date of July 7th 2015, a true and correct copy of this notice is attached as Exhibit C.

The defendant ignored the plaintiff and failed to respond to the notice to rescind by failing to sue the plaintiff and re-establish what it claimed to be the debt under the trust deed and promissory note.

As of the date of August 13th 2015, which is more than twenty days following the notice to rescind, the trust deed and note were void and did not exist; however, the defendant continued to act as if the note and trust deed were enforceable and subsequently foreclosed upon the plaintiff's property.

The defendant had a duty to either sue the plaintiff to re-establish what it claimed to be the debt or return the plaintiff's money or property within twenty days of receiving the notice to rescind.

The defendant failed to return the note, money or property paid.

The plaintiff served the defendant with a notice of default and intent to sue for its failure to properly respond to the notice to rescind, on the date of August 13th 2015, a true and correct copy is attached as Exhibit C.

The plaintiff was unable to tender the property or money received because of the defendant's failure to comply and no measures to protect or guarantee that such tender of property would cause the defendant to comply with its obligations.

The plaintiffs have given timely notice to the defendant within applicable statute of limitations of the Truth in Lending Act in filing this claim

The defendant will not suffer prejudice because of this complaint.

The plaintiffs have acted reasonably and in good faith regarding the events leading up to the commencement of this action.

The plaintiff was actively misled by the defendant about the cause of action or was extraordinarily prevented from asserting his rights.

Plaintiffs demand a jury trial.

## DAMAGES

The plaintiffs have suffered damages as a direct and proximate result of the defendant's actions and failures to act.  Non-compliance is a violation of the Truth in Lending Act which gives rise to a claim for actual and statutory damages under 15 U.S.C. §1640.

The plaintiffs have suffered the loss of the actual fair market value of his home because the defendant has failed or refused to sue the plaintiff and reestablish the purported debt that was rescinded by the plaintiff prior to the commencement of this complaint.

The actual damages are: 1.  The fair market value of plaintiff's property in the amount of $145,000.  2.  The loss of the money deposited with the lender identified on the mortgage or trust deed lien in the amount of $151,900 .  3.  Costs and attorney fees associated with this action and defending against the foreclosure process in the amount of $6,500.

WHEREFORE plaintiffs demand judgment against the defendant in the aggregate amount of damages alleged in the complaint of $303,400, together with other relief this court deems appropriate.

Dated this _11_ day of September, 2015.

_Alva V. Briscoe_, Plaintiff

_Sandra M. Brisoe_, Plaintiff

**EXHIBIT A**

T.S. No. 012773-ID

## NOTICE OF TRUSTEE'S SALE

On 7/23/2015 at 9:00 AM (recognized local time), in the Auction.com Room, at the TownePlace Suites Pocatello, 2376 Via Caporatti, Pocatello, ID 83201, in the County of Bannock, ELISA MAGNUSON, ESQ., a member of the State Bar of Idaho, of PITE DUNCAN, LLP, as trustee, will sell at public auction, to the highest bidder, for cash, in lawful money of the United States, all payable at the time of sale, the following described real property, situated in the County of Bannock, State of Idaho, and described as follows, to wit:

LOT 12, BLOCK 5, BRISCOE SUBDIVISION 4TH ADDITION, BANNOCK COUNTY, IDAHO, AS THE SAME APPEARS ON THE OFFICIAL PLAT THEREOF.

The Trustee has no knowledge of a more particular description of the above referenced real property, but for purposes of compliance with Idaho Code Section 60-113, the Trustee has been informed that the address of: 5112 WHITAKER RD, CHUBBUCK, ID 83202-1620, is commonly associated with said real property.

Said sale will be made without covenant or warranty, express or implied, regarding title, possession or encumbrances to satisfy the obligation secured by and pursuant to the power of sale conferred in the Deed of Trust executed by SANDRA MARIE BRISCOE, AND ALVA VERN BRISCOE, WIFE AND HUSBAND, as Grantor(s), to FIDELITY NATIONAL TITLE INSURANCE CO., as Trustee, for the benefit and security of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., SOLELY AS NOMINEE FOR COUNTRYWIDE BANK, FSB., ITS SUCCESSORS AND ASSIGNS as Beneficiary, dated 8/2/2007, recorded 8/10/2007, as Instrument No. 20719363, official records of Bannock County, Idaho. Please note: The above named Grantors are named to comply with Idaho Code Section 45-1506(4)(a); no representation is made that they are, or are not, presently responsible for the obligation.

The default for which this sale is to be made is the failure to make monthly payments when due from 12/1/2011 and all subsequent monthly payments thereafter, including installments of principal, interest, impounds, advances, plus any charges lawfully due under the note secured by the aforementioned Deed of Trust, Deed of Trust and as allowed under Idaho Law.

The sum owing on the obligation secured by said Deed of Trust as of 3/11/2015 is $192,003.20, including interest, costs, fees, including trustee and/or attorney fees and costs, and expenses actually incurred in enforcing the obligation thereunder or in this sale and to protect the security associated with the Deed of Trust, as authorized in the Note, Deed of Trust or as allowed under Idaho Law. Because interest, late charges, fees, costs and expenses continue to accrue, the total amount due varies from day to day. Hence, if you pay the amount shown above, an adjustment may be necessary after receipt of funds to satisfy the debt. For further information, write the Trustee at 4375 Jutland Drive, Ste. 200, San Diego, CA 92117, or call (858)750-7600.

DATED: 3/11/2015                Signature/By: _____
                                ELISA MAGNUSON, ESQ., a member of the State
                                Bar of Idaho, of PITE DUNCAN, LLP

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
If you are in an active bankruptcy case or have received discharge of personal liability for this debt in bankruptcy, we do not seek any amount from you personally, but seek only enforcement of the security interest granted by the deed of trust.

8/14/2015 3:44 PM

exhibit A p1.jpg (JPEG Image, 1207 × 1636 pixels) - Scaled (50%)      file:///C:/Documents and Settings/Vern Briscoe/My Documents/Home...

Case 2:15-cv-00424-SLW Document 1 Filed 09/14/15 Page 30 of 39

**Bank of America** ➤ **Home Loans**

PO Box 5170
Simi Valley, CA 93062-5170

00510510 01 AB 0.413 **AUTO  00 00673 83202-162012  -C20-P511024    BFCESTAD
MSR A20000101 06100000000000 -
SANDRA MARIE BRISCOE
ALVA VERN BRISCOE
5112 WHITAKER RD
CHUBBUCK ID  83202-1620

Customer service information

Customer service  1 800 669 6650

TDD/TTY users only  1 800 300 6407

En Español  1 800 295 0025

Monday-Friday 7 a.m. to 7 p.m. Local Time

| Account number | 177679257 |
|---|---|
| Payment due date | July 1, 2015 |
| **Total amount due** | **$59,218.68** |

If payment is received after 07/16/15, $52.45 late fee will be charged *

## Your Home Loan Account

Statement date: June 16, 2015

 Your loan is in the foreclosure process. This statement provides an estimate of the outstanding amounts due on your loan. Do not send in this amount. To discuss available payoff and/or workout options, please call your assigned Customer Relationship Manager at the number above.

## Account information

| | |
|---|---|
| Property address | 5112 WHITAKER RD |
| Loan type | 30 Yr Conventional Jumbo |
| Contractual remaining term | 25 Years, 10 Months |
| Principal balance | $145,156.10 |
| Escrow balance | -$8,405.27 |
| Interest rate | 7.375% |
| Prepayment penalty | No |

## Past payments breakdown

| | Paid since last statement | Paid year to date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (taxes and insurance) | $0.00 | $0.00 |
| Fees, charges, and advances | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

## Explanation of total amount due

| | |
|---|---|
| Principal | $204.37 |
| Interest | $844.77 |
| Escrow (taxes and insurance) | $201.23 |
| **Regular monthly payment** | **$1,250.37** |
| Current period fees and charges | $15.00 |
| Overdue payments, fees, and charges* | $57,953.31 |
| **Total amount due** | **$59,218.68** |

*Please see the 'Other important information' section of this statement

## Transaction activity  (05/19/15 to 06/16/15)

| Date | Description | Charges | Payments |
|---|---|---|---|
| 06/01/15 | Property Inspection | 15.00 | |
| 06/15/15 | COUNTY TAX PMT | | -852.31 |

0471.70.00/0051051/0010.01/5710

SANDRA MARIE BRISCOE          Account  9252          June 16, 2015          Page 2 of 4

## Additional contact information

 **Housing counselor information:** If you would like counseling or assistance, you can contact the U.S. Department of Housing and Urban Development (HUD). For a list of homeownership counselors or counseling organizations in your area, go to hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 1.800.569.4287.

| General Inquiries | Insurance matters |
|---|---|
| PO Box 5170 | Insurance Dept. |
| Simi Valley, CA 93062-5170 | PO Box 961291 |
| | Fort Worth, TX 76161-0291 |

Notice of Error, Requests for Information and Qualified Written Requests (as defined in RESPA) must be sent to: PO Box 942019, Simi Valley, CA 93094-2019. You have certain rights under federal law to resolve errors and request information related to your account. For more information about these rights, you can go to bankofamerica.com or contact us.

## Other important information

Debt Collection Notice: Bank of America, N.A. is required by law to inform you that this communication is from a debt collector.

Bankruptcy Notice: If you are currently in a bankruptcy proceeding or have previously received a discharge of this debt under bankruptcy law, this notice is being sent to you for informational purposes only and is not an attempt to collect a debt, a demand for payment, a request on an obligation or an attempt to impose personal liability upon you for a discharged debt.

Credit reporting notice: We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.

Late Fee: The Late Fee shown on this statement may not be charged in limited circumstances, such as: changes to your account relating to loan modification trial plans, foreclosure, bankruptcy, natural disaster, and special forbearance on your loan, or due to applicable State or Federal law requirements.

Overdue payments, fees and charges: If your loan is delinquent, this amount may include unpaid amounts for optional products. If the loan is not delinquent, the amount will not include unpaid amounts for optional products. Failure to pay amounts due on optional products may result in cancellation of your product. You have the right to cancel your optional product(s) at any time. Please call 1.800.641.5298.

Paid year-to-date: Balances in the "Past payments breakdown" section shouldn't be used for year-end tax reporting. Please use the information on IRS Form 1098, which will be provided during tax season, for reporting purposes. Balances for loans that have been service-transferred or have undergone modification may reflect activity that has occurred since the date of transfer or modification only.

Payoff: You can request a payoff quote by calling 1.800.669.5833. If a third party will be requesting a payoff quote on your behalf, you must authorize the third party to make the request. A $5 fax fee may apply if you or the third party want the payoff quote faxed. If we receive payoff funds greater than the amount required to pay off your loan, we'll process and mail a refund of the overage to your mailing address on our loan servicing system within 20 business days of the payoff.

Statement information: The information contained in this statement is accurate as of the date of this statement but may not contain all information related to your loan. For the most up to date and complete information regarding your loan, please contact customer service.

Bank of America, N.A. Member FDIC   Equal Housing Lender © 2015 Bank of America Corporation

06.73.70.00v2015.1051v0001v01v5234



## Bank of America ➤ Home Loans                    Your Home Loan Account

SANDRA MARIE BRISCOE                | Account  9257            | June 16, 2015                          Page 3 of 4

### Delinquency notice

Your loan is in the foreclosure process. As of June 16, 2015, you are 1293 days delinquent on your mortgage loan. This statement provides an estimate of the outstanding amounts due on your loan. Do not send in this amount. To discuss available payoff and/or workout options, please call your assigned Customer Relationship Manager at the number on the first page of the statement.

### Recent account history

| Payment due date | Total amount due | Unpaid balance due | Outstanding balance due |
|---|---|---|---|
|  | $0.00 | Prior to 12/01/14 | $45,120.03 |
| 12/01/14 | $1,257.99 | $1,257.99 | $46,378.02 |
| 01/01/15 | $1,257.99 | $1,257.99 | $47,636.01 |
| 02/01/15 | $1,250.37 | $1,250.37 | $48,886.38 |
| 03/01/15 | $1,250.37 | $1,250.37 | $50,136.75 |
| 04/01/15 | $1,250.37 | $1,250.37 | $51,387.12 |
| 05/01/15 | $1,250.37 | $1,250.37 | $52,637.49 |
| 06/01/15 | $1,250.37 | $1,250.37 | $53,887.86 |
| 07/01/15 | $1,250.37 | $1,250.37 | $55,138.23 |
|  |  | Outstanding fees and charges | $4,080.45 |
|  |  | **Total amount due** | **$59,218.68** |

The information within the recent account history table above represents an estimate of your total outstanding and current principal, interest escrow (if applicable), fees and charges due. Do not send in this amount. If you would like to reinstate your loan, please call your assigned Customer Relationship Manager at the number on the first page of the statement.

### Foreclosure filing

 Bank of America, N.A. has made the first notice or filing required by law for foreclosure.

There has been a payment default or other default on your loan that could result in acceleration of all sums due under the note. As a result, Bank of America, N.A. will use companies, including its affiliate LandSafe Appraisal Services, Inc., to provide services required to protect the note holder's interest and rights in the property and under the note and security instrument, including any remedies thereunder -- the Default-Related Services. Bank of America, N.A. will assess fees to your loan account for the Default Related Services, including those provided by its affiliate. A schedule of fees that may be charged to your account for Default Related Services is available at the following Web address: http://www.bankofamerica.com/defaultfees. If you do not have Internet access, please contact us at 1.800.669.6650 Monday-Friday 7a.m. to 7p.m. Local Time to have a fee schedule mailed to you. The fee schedule contains a list of the common non-state specific Default-Related Services you could be charged, however it does not include a complete list of all fees or charges that could be assessed on your loan account.

As long as your loan remains delinquent, Bank of America, N.A. will conduct inspections of your property on a periodic basis. Our right to conduct these inspections and assess the costs to you is described in your loan documents.

Bank of America, N.A. offers programs that may help you bring your loan current. To speak to a Customer Relationship Manager about what programs may be available to you, please call Customer Service at 1.800.669.6650 Monday-Friday 7a.m. to 7p.m. Local Time.

0671 70 AV 0015105 1 002 0125233

**EXHIBIT B**

**Bank of America** 🇺🇸 Home Loans

July 9, 2015

**IMPORTANT NOTICE:**

Sandra Marie Briscoe
Alva Vern Briscoe
5112 Whitaker Rd
Chubbuck, ID 83202

**If we don't receive your trial payment by the last day of this month, we may cancel this loan modification offer.**

**Loan Number: 177679257**

Dear Sandra Marie Briscoe and Alva Vern Briscoe:

To receive permanent home loan assistance, you must make your trial period payments on time. Our records show that we have not received this month's trial plan mortgage payment of $1,041.96.

**What you need to do**

To remain eligible for permanent assistance, you must pay your overdue trial payment immediately. To make the payment, you may use the enclosed payment coupon or call us at 800.669.6650. **If we do not receive your payment by the last day of this month, you will no longer be eligible for the proposed loan modification and we may cancel your trial plan.**

For details about your Trial Period Plan, please refer to the package previously mailed to you, which includes a list of Frequently Asked Questions.

**We're here to help**

If you want to make a payment, or if you have recently made a payment and believe this letter has been sent in error, please call me at 800.669.6650, Monday through Friday, 8 a.m. to 5 p.m. local time.

We appreciate the opportunity to serve your home loan needs and look forward to working with you toward more affordable mortgage payments.

Jennifer Cratch
Home Loan Team
Bank of America, N.A.

Enclosures: (1) Payment Coupons (2) Payment Envelope

Bank of America, N.A. is required by law to inform you that this communication is from a debt collector. If you are currently in a bankruptcy proceeding or have previously obtained a discharge of this debt under bankruptcy law, this notice is for informational purposes only and is not a attempt to collect a debt, a demand for payment or an attempt to impose personal liability for a discharged debt.

**MILITARY PERSONNEL/SERVICEMEMBERS:** If you or your spouse is a member of the military, please contact us immediately. The federal Servicemembers Civil Relief Act (SCRA) and similar state laws provide significant protections and benefits to eligible military service personnel. However, military service and/or SCRA qualification may not necessarily prevent foreclosure. If your loan is in default, a court may authorize foreclosure. If you are having difficulty making your payments, please call us as soon as you can so we can discuss various home retention options. You can reach our Enterprise Military Benefits Unit at 877.345.0693. From outside the U.S., please call us at 817.245.4094. Both numbers are available 24 hours a day, 7 days a week. Homeowner counseling is also available at agencies such as Military OneSource at militaryonesource.mil or 800.342.9647 and Armed Forces Legal Assistance at legalassistance.law.af.mil, and through HUD-approved housing counseling agencies, which you can find at hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Notices of error, requests for information and qualified written requests (QWR, as defined in RESPA) must be sent to:

Bank of America
Attn: Notice of Error & Request for Information
PO Box 942019
Simi Valley, CA 93094-2019

Mortgages funded and administered by an 🏠 Equal Housing Lender.
♲ Protect your personal information before recycling this document.

PKG 132 / C3_2330-7

**EXHIBIT C**

AFTER RECORDING RETURN TO:

PITE DUNCAN, LLP
4375 JUTLAND DR., SUITE 200
P.O. BOX 17935
SAN DIEGO, CA 92177-0935

_____(Recorder's Use)_____
## NOTICE OF DEFAULT

T.S. No.: 012773-ID

Successor trustee, ELISA MAGNUSON, ESQ., a member of the State Bar of Idaho, of PITE
DUNCAN, LLP, under the deed or transfer in trust executed by SANDRA MARIE BRISCOE
AND ALVA VERN BRISCOE, WIFE AND HUSBAND, as GRANTOR, to FIDELITY
NATIONAL TITLE INSURANCE CO. as TRUSTEE, and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS INC., SOLELY AS NOMINEE FOR COUNTRYWIDE BANK
FSB., ITS SUCCESSORS AND ASSIGNS as BENEFICIARY, dated 8/2/2007, recorded
8/10/2007, as Instrument No. 20719363, official records of Bannock County, Idaho,

HEREBY GIVES NOTICE that a breach of the obligation for which such deed or transfer in
trust is security has occurred, the nature of such breach being:

Failure to pay the monthly payments due 12/1/2011 of principal and interest and subsequent
installments due thereafter; plus late charges; together with all subsequent sums advanced by
beneficiary pursuant to the terms and conditions of said deed of trust;
As of March 7, 2014, this amount is $35,453.31;

And that the Beneficiary elects to sell or cause the trust property to be sold to satisfy said
obligation; said trust property described as follows, to wit:

LOT 12, BLOCK 5, BRISCOE SUBDIVISION 4TH ADDITION, BANNOCK COUNTY,
IDAHO, AS THE SAME APPEARS ON THE OFFICIAL PLAT THEREOF.



# NOTICE OF DEFAULT

T.S. No.: 012773-ID

Dated: _3 7 14_                    ELISA MAGNUSON, ESQ.

_E. Mag_

State of Idaho            )
                          )ss.
County of _ADA_           )

On this _7_ day of _March_, in the year of _2014_, before me a notary public for the State of Idaho, personally appeared _Elisa Magnuson_, known or identified to me, to be the person whose name is subscribed to the within instrument, and acknowledged to me that he or she executed the same.

_Kara Lansby_
Notary Public for Idaho
My commission expires on: _10/30/2018_
Residing at _Boise, ID_

_[Notary seal: KARA LANSBERRY, NOTARY PUBLIC, STATE OF IDAHO]_

Page **2** of **3**

WARNING: You may get offers from people who tell you they can help you keep your property. Never pay someone to help you obtain a loan modification. Help is available for free from housing counselors who are certified through the department of housing and urban development. Visit www.hud.gov for a current list of certified housing counselors in Idaho.

DATED:

Beneficiary name: BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP.

Beneficiary's telephone number: 877-869-7367

Beneficiary or beneficiary's agent's signature: 

DNGRID                                          Page 2 of 2
TS#: 012773-ID
                                                                              BRISCOE

## HOME LOAN MODIFICATION REQUEST FORM

**DEAR HOMEOWNER:** Idaho law requires the beneficiary, Bank of America, NA, to offer you an opportunity to request a loan modification evaluation. You also have the option of meeting with Bank of America, NA, to discuss your home loan. The meeting may occur by telephone or in person 45 days after you return this form. We may request financial documentation from you during this time. **IMPORTANT:** If you previously applied for a modification and your application is pending, **call the person assigned to your modification file** to discuss how the Notice of Default affects your application.

### THIS FORM MUST BE <u>RECEIVED</u> BY: 4/11/2014

**To request a <u>loan modification review</u>, check this box:** ☐

**To request a meeting with us, Bank of America, NA, check this box:** ☐

(Please print legibly or type)

| Borrower's Name: | | |
|---|---|---|
| Mailing Address: | | |
| City: | State: | Zip Code: |
| Best Phone Number to Reach You at: | Best Time to Call:<br>☐ Morning ☐ Afternoon ☐ Evening | |
| Email Address*: | | |

You may be eligible for a federal home modification program, including the Home Affordable Modification Program (HAMP). You can begin the application process for these programs by submitting a complete "Initial Package," which is included with this form. We cannot evaluate your loan for a federal loan modification program until we receive your:

       ☐ Request for Modification and Affidavit (RMA)

       ☐ Form 4506T-EZ

       ☐ Dodd-Frank Certification Form

       ☐ (2) most recent paystubs showing year-to-date earnings

### (CONTINUED ON NEXT PAGE)

