IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALVA V. BRISCOE, SANDRA M. BRISCOE, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP, and ELISA MAGNUSON, ESQ., and PITE DUNCAN, LLP AS TRUSTEE, <br><br> Defendants. | Case No.  1:15-CV-424-BLW <br><br> **Memorandum Decision** |

## BACKGROUND

The plaintiffs borrowed money from defendant Bank of America to purchase their residence and the Bank took a deed of trust as security. When the plaintiffs failed to make payments on the loan, the Bank foreclosed. Plaintiffs responded by filing this lawsuit alleging that the Bank violated the Fair Debt Collections Practices Act, the Truth in Lending Act, and further that the Bank was guilty of identity theft.

The plaintiffs filed their complaint pro se and requested in forma pauperis status. United States Magistrate Judge Dale reviewed the complaint under 28 U.S.C. §1915, and concluded that the complaint should be dismissed. *See Initial Review Order (Dkt. No. 7)*. In that Order, Judge Dale transferred the case to this Court for review.

## ANALYSIS

Pro se complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Therefore, because plaintiffs proceed pro se, the Court will construe their pleadings liberally and afford them the benefit of any doubt.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc). The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

If a complaint fails to state a claim, the Court must grant the plaintiff leave to amend, "even if no request to amend the pleading was made, unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  Indeed, a dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment."  *Harris v. Amgen, Inc.,* 573 F.3d 728, 737 (9th Cir. 2009). "In determining whether a complaint is frivolous, a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations."  *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  The Court may find a complaint frivolous "if it has no arguable basis in fact or law."  *O'Loughlin v. Doe,* 920 F.2d 614, 617 (9th Cir. 1990).

The Court agrees with the detailed analysis of the Magistrate Judge that the complaint has no arguable basis in fact or law, and that amendment would not cure the

defects.  The Court therefore adopts in full the analysis of the Magistrate Judge in the *Initial Review Order (Dkt. No. 7).*  The Court will summarize that analysis below.

## Fair Debt Collection Practices Act Claim

According to the complaint, the Bank loaned the plaintiffs money and was foreclosing on the security it took for that loan.  But the Fair Debt Collection Practices Act (FDCPA) does not govern efforts by creditors collecting their own debts. 15 U.S.C. § 1692a(6).  Moreover, mortgage servicing companies are not "debt collectors" and are exempt from liability under the Act.  *Caballero v. Ocwen Loan Serv.,* 2009 WL 1528128, at *1 (N.D.Cal. May 29, 2009).  This claim must be dismissed.

## Claim For Identity Theft

The complaint indicates the information the Bank "took" came from public records.  The Bank also obtained a credit report and requested plaintiffs to voluntarily release information to enable the Bank to modify the terms of the home loan.  Further, it appears that the damages plaintiffs suffered, or will suffer, are limited to the foreclosure of their home. *See Pineda v. GMAC Mortg., LLC*, 2008 WL 5432281 at *9 (C.D.Cal. Dec.29, 2008) (Plaintiff failed to state a cause of action for identity theft based upon an allegation that defendants took his personal information without his consent and used it for profit and have caused damage to the plaintiff's financial reputation).  The facts as stated do not rise to the level of conversion, and do not state a claim that survives Fed. R. Civ. P. 8.

## Truth in Lending Act

The statute of limitations for the Truth in Lending Act (TILA) is "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); *Shaw v. Lehman Bros. Bank, FSB*, 2009 WL 790166, at *4 (D. Idaho Mar.20, 2009); s*ee also Monaco v. Bear Stearns Resid. Mortg. Corp.*, 554 F.Supp.2d 1034, 1039 (C.D.Cal. 2008). Additionally, the statute begins to run when the plaintiff enters into the loan agreement, in this case 2011. *See King v. Cal.,* 784 F.2d 910, 915 (9th Cir. 1986); *Shaw,* 2009 WL 790166, at *4. Even if adequately alleged, any potential TILA claim in this case is time-barred, because plaintiffs failed to file suit within one year of the consummation of the loan transaction. *See Mortensen v. MERS*, *Inc.,* 2012 WL 4482040 (D. Idaho Aug. 24, 2012) (dismissing time-barred claim under TILA and finding complaint was not adequately pled).

## Conclusion

For all of these reasons, the Court finds pursuant to 28 U.S.C. §1915 that the complaint has no arguable basis in fact or law, and that amendment would not cure the defects. Accordingly, the Court will dismiss the complaint in a separate Judgment.

DATED: January 8, 2016

B. Lynn Winmill  
Chief Judge  
United States District Court